

U.S. Department of Justice

*Joshua S. Levy*
*Acting United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*    John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

May 28, 2024

Jason Benzaken
1342 Belmont Street, Suite 102
Brockton, MA 02301

    Re:    United States v. Anthony Bryson
             Criminal No. 22-10325-FDS

Dear Jason:

    The United States Attorney for the District of Massachusetts (the "U.S. Attorney") and your client, Anthony Bryson ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure ("Rule") 11(c)(1)(C):

    1.    Change of Plea

    As soon as is practicable, Defendant will plead guilty to count 1 of a Superseding Information charging him with possession with intent to distribute more than 50 grams of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1)(B)(viii). Defendant admits that Defendant committed the crime specified in this count and is in fact guilty.

    Defendant agrees to the Statement of Facts attached hereto.

    2.    Penalties

    Defendant faces the following mandatory minimum and maximum penalties: incarceration for at least five years and no more than forty years; supervised release for at least four years and up to life; a fine of up to $5,000,000; a mandatory special assessment of $100; and forfeiture to the extent charged in the Information.

    3.    Rule 11(c)(1)(C) Plea

    In accordance with Rule 11(c)(1)(C), if the Court accepts this Plea Agreement, the Court

1

must include the agreed disposition in the judgment. If the Court rejects any part of this Plea Agreement, the U.S. Attorney may void the agreement and/or Defendant may withdraw from it. Defendant may not withdraw Defendant's plea for any other reason.

Should the U.S. Attorney void the agreement and/or Defendant moves to withdraw Defendant's guilty plea, Defendant agrees to waive any defenses based upon statute of limitations, the constitutional protection against pre-indictment delay, and the Speedy Trial Act for all charges that could have been brought as of the date of this Plea Agreement.

4. <u>Sentencing Guidelines</u>

The parties agree, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 31:

  a) Defendant's base offense level is 32, because he is responsible for at least 3,000 kilograms, but less than 10,000 kilograms of converted drug weight (USSG § 2D1.1(c));

  b) Defendant's offense level is increased by 2, because Defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance (USSG § 2D1.1)(b)(12)); and

  c) Defendant's offense level is decreased by 3 because Defendant has accepted responsibility for Defendant's crime (USSG § 3E1.1).

Defendant understands that the Court is not required to follow this calculation. Defendant also understands that the government will object to any reduction in Defendant's sentence based on acceptance of responsibility, and may be released from the parties' agreed-upon disposition in Paragraph 5 if: (a) at sentencing, Defendant (directly or through counsel) indicates that Defendant does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crime to which Defendant is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

5. <u>Agreed Disposition</u>

The parties agree on the following sentence:

  a) incarceration for between 84 and 120 months;

  b) a fine within the guideline sentencing range, as calculated by the Court, unless the Court finds that the defendant is unable to pay a fine;

  c) 48 months of supervised release;

2

    d) a mandatory special assessment of $100, which Defendant must pay to the Clerk of the Court by the date of sentencing; and

    e) forfeiture as set forth in Paragraph 7.

Defendant agrees that all criminal monetary penalties, including special assessment, restitution, forfeiture, and/or fine imposed shall be due and payable immediately, and further agrees that any Court-ordered repayment schedule does not preclude further enforcement or collection by the United States.

6. <u>Waiver of Appellate Rights and Challenges to Conviction or Sentence</u>

Defendant has the right to challenge Defendant's conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that Defendant's conviction or sentence should be overturned.

Defendant understands that Defendant has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

    a) Defendant will not challenge Defendant's <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

    b) Defendant will not challenge Defendant's <u>sentence,</u> including any court orders related to forfeiture, restitution, fines or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit.

The U.S. Attorney agrees not to appeal the imposition of the sentence agreed to by the parties in paragraph 5.

Defendant understands that, by agreeing to the above, Defendant is agreeing that Defendant's conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge Defendant's conviction and sentence regardless of whether Defendant later changes Defendant's mind or finds new information that would have led Defendant not to agree to give up these rights in the first place.</u>

Defendant is agreeing to give up these rights in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that Defendant's lawyer rendered ineffective assistance of counsel, or that the prosecutor or

3

a member of law enforcement involved in the case engaged in misconduct serious enough to entitle Defendant to have Defendant's conviction or sentence overturned.

7. <u>Forfeiture</u>

Defendant understands that the Court will, upon acceptance of Defendant's guilty plea, enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture may include assets directly traceable to Defendant's offense, assets used to facilitate Defendant's offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

The assets to be forfeited specifically include, without limitation, the following:

   a. 2017 Mercedes Benz S-Class Sedan 4D S550 Maybach, seized on October 25, 2022;

   b. 2017 BMW X5 Utility 4D, seized on October 25, 2022;

   c. Assorted designer handbags, seized on October 25, 2022; and

   d. Gold-colored bracelet with clear stones, seized on October 25, 2022.

Defendant admits that these assets are subject to forfeiture on the grounds that they constitute, or are derived from, proceeds of Defendant's offense and/or were used to facilitate Defendant's offense. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution, cost of imprisonment, tax liability or any other debt owed to the United States.

Defendant agrees to assist fully in the forfeiture of the foregoing assets. Defendant agrees to promptly take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. Defendant further agrees (a) not to assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding, and (b) to testify truthfully in any such proceeding.

If the U.S. Attorney requests, Defendant shall deliver to the U.S. Attorney within 30 days after signing this Plea Agreement a sworn financial statement disclosing all assets in which Defendant currently has any interest and all assets over which Defendant has exercised control, or

has had any legal or beneficial interest. Defendant further agrees to be deposed with respect to Defendant's assets at the request of the U.S. Attorney. Defendant agrees that the United States Department of Probation may share any financial information about the Defendant with the United States Attorney's Office.

Defendant also agrees to waive all constitutional, legal, and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement.

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

### 8. Civil Liability

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to Defendant's criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

### 9. Breach of Plea Agreement

Defendant understands that if Defendant breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw Defendant's guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from the U.S. Attorney's commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials Defendant provided to the government during investigation or prosecution of Defendant's case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if Defendant breaches any provision of this Agreement or engages in any of the aforementioned conduct, Defendant thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

### 10. Who is Bound by Plea Agreement

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

### 11. Modifications to Plea Agreement

5

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

\* \* \*

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Evan Panich.

Sincerely,

JOSHUA S. LEVY
Acting United States Attorney

By: _RILWAN ADEDUNTAN_
Digitally signed by RILWAN ADEDUNTAN
Date: 2024.05.28 12:10:12 -04'00'

RILWAN ADEDUNTAN
Chief, Narcotics and Money Laundering Unit

_[signature]_
Digitally signed by EVAN PANICH
Date: 2024.05.28 12:13:24 -04'00'

EVAN D. PANICH
Assistant U.S. Attorney

6

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crime I am pleading guilty to, and the mandatory minimum and maximum penalties for that crime. I have discussed the Sentencing Guidelines with my lawyer, and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me, and we have had enough time to meet and discuss my case. We have discussed the charge against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offense. I believe this Agreement is in my best interest.

_____
Anthony Bryson
Defendant

Date: 7-15-24

I certify that Anthony Bryson has read this Agreement and that we have discussed what it means. I believe Anthony Bryson understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

_____
Anthony Bryson Jason Benzaken
Attorney for Defendant

Date: 7/15/24

7

## STATEMENT OF FACTS

### Anthony Bryson
No. 22-cr-10325-FDS

In conjunction with Paragraph 1 of the letter of May 25, 2024, between my attorney, Jason Benzaken, and the United States Attorney for the District of Massachusetts, setting forth the agreement between myself and the United States Attorney in the above-referenced matter, I agree that I am guilty of the offense to which I will plead guilty, and I represent that the following facts are true:

Beginning no later than April 28, 2022, and continuing through October 25, 2022, I was involved in a conspiracy to possess with intent to distribute and to distribute various controlled substances, including counterfeit Oxycodone pills containing fentanyl ("fentanyl pills") and counterfeit Adderall pills containing methamphetamine ("methamphetamine pills"). I participated in those criminal activities knowingly and intentionally until the date of my arrest in this case. On multiple occasions, I used telephone number (978) 885-1806 to communicate with customers and sources of supply of controlled substances, the acquisition and delivery of various controlled substances, including fentanyl pills and methamphetamine pills that were intended for resale.

On October 25, 2022, investigators searched the residence of my grandmother and found 246 methamphetamine pills that laboratory testing confirmed weighed 81.4 grams. I possessed these items during the course of the conspiracy.

I recognize and agree that the government would establish, through witness testimony and by a reasonable doubt, that I conspired to distribute an amount of powder fentanyl, fentanyl pills, cocaine base, cocaine, and marijuana during the course of the conspiracy, which I understand corresponds to between 3,000 kilograms and 10,000 kilograms of converted drug weight under the Sentencing Guidelines. I further stipulate and agree that these amounts of controlled substances were known to me, were reasonably foreseeable to me, and are reasonably attributable to me as relevant conduct for sentencing purposes.